***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has shown good grounds to amend the prior Opinion and Award. Accordingly, the Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. National Surety Corporation was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $555.45, which yields a compensation rate of $370.32 per week, based upon the Form 22.
5. Judicial notice is taken of the I.C. Forms 18, 33 and 33R.
6. The issues for determination by the Full Commission are:
 a. Whether plaintiff sustained a compensable injury to his right shoulder, and if so, to what benefits may he be entitled under the Act?
 b. Whether plaintiff gave proper notice to the defendant of his alleged injury?
 c. Is plaintiff's current loss of wage-earning capacity due to plaintiff's misconduct or failure to follow medical advice?
7. The parties stipulated the following documentary evidence:
a. Medical Records of Hickory Orthopedic Center,
b. Medical Records of Catawba Radiology,
c. Medical records of Frye Regional Medical Center,
d. Medical Records of Hickory Surgical Clinic,
e. Medical Records of Family Care Center,
 f. Medical Records of Rehabilitation Consultants of Hickory,
g. Medical Records of Broyhill Health Center, and
 h. Defendants' discovery responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents.
8. The depositions of Dr. William Pekman and Dr. Thomas Ray are a part of the evidentiary record in this case.
 ***********
Based on the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this matter, plaintiff was thirty-five (35) years old. Plaintiff has a tenth grade education and briefly attended basic training for military reserves from which he received a medical discharge. Plaintiff later received automobile mechanic training but has worked primarily in the furniture industry as an upholsterer since that time. Plaintiff underwent arthroscopic right shoulder surgery in 1990 to repair a dislocation.
2. In November 1999, plaintiff began working for defendant-employer as an inside upholsterer. Plaintiff's job wages were based upon his production and his duties included getting the piece to be upholstered, sliding it to the work area, and lifting it off and on bucks to upholster the pieces. The bucks were at knee height and raised the furniture pieces off the floor. Plaintiff would then pad and upholster ottomans, chairs, and sofas.
3. On July 10, 2000, plaintiff claims he was upholstering a wing chair that weighed between eighty and one hundred pounds. Plaintiff testified that after he finished covering the chair he grasped it with his hands to lift it off the bucks to the floor. Plaintiff then alleges that one hand slipped and the chair jerked his right arm and shoulder as he struggled to keep the chair from being damaged as it hit the floor resulting in an injury to his right shoulder.
4. Plaintiff testified at the hearing that he told the plant manager, Monty Meadlock, on July 11, 2000 that he hurt his shoulder setting off a job the day before. Contrary to plaintiff's testimony, Mr. Meadlock testified that plaintiff did not state to him that his shoulder condition was work-related at any time prior to his August 9, 2000 shoulder surgery.
5. Similarly, plaintiff also testified that he reported his injury on July 11, 2000 to Donna Woodring, the plant employee who handled workers compensation claims. Ms. Woodring, however, testified that on this date when asked directly plaintiff denied that his shoulder injury was work-related. Ms. Woodring testified that the first notice she had of plaintiff's claim that his July 10, 2000 injury was work-related occurred on August 11, 2000 during a conversation with plaintiff's wife. Ms. Woodring further testified that following a conversation with plaintiff on August 16, 2000 she filled out a Form 19, Employer's Report of Employee's Injury, and submitted it to the insurance carrier the same day.
6. On July 11, 2000, plaintiff sought treatment from orthopedic surgeon Dr. William Pekman of Hickory Orthopedic Center. Dr. Pekman's medical records from this date and, in fact, the July 11, 2000 notes state that plaintiff denied any specific precipitating event for his recurrent shoulder instability. However, the patient information questionnaire filled out by plaintiff at this visit indicated that he dislocated his shoulder two weeks previously while riding a tube on a lake. In addition, Dr. Pekman's treatment notes for all of plaintiff's visits through December 5, 2000 make no mention of any alleged workplace accident.
7. Dr. Pekman performed surgery on plaintiff's right shoulder on or about August 9, 2000. When performing surgery, Dr. Pekman found nothing about plaintiff's shoulder condition internally to suggest a traumatic cause; furthermore, Dr. Pekman stated that the mechanism of plaintiff's injury would require the shoulder to be in abduction, moving up and in external rotation, or toward the back of the body, and not toward the front of the body as plaintiff would have been when he was lifting the chair from the bucks during the occurrence of his alleged injury.
8. Dr. Thomas Ray, physical medicine and rehabilitation specialist, saw plaintiff on November 29, 2000 for a one-time evaluation. Dr. Ray opined that plaintiff was at risk for recurrence of shoulder injury and that the alleged mechanism of plaintiff's injury could have created plaintiff's shoulder symptoms. However, Dr. Ray's physical examination of plaintiff only related to abduction of plaintiff's shoulder and did not include examining the full range of motion of plaintiff's shoulder; therefore, Dr. Ray's testimony does not rise to the level necessary to adequately establish causation of plaintiff's shoulder condition on or about the alleged date of injury.
9. The Full Commission gives greater weight to the testimony of Dr. Pekman as he treated plaintiff immediately following his alleged shoulder injury and had the benefit of an ongoing course of treatment and internal observation of plaintiff's shoulder pathology during the August 9, 2000 surgery in rendering his opinions whereas Dr. Ray only examined plaintiff one time.
10. Although plaintiff claims he reported his injury on or about the time it occurred to his supervisor and the plant manager, no accident report was completed and no medical treatment was provided by his employer. In addition, Monty Meadlock, plant manager, and Donna Woodring, defendant-employer's workers compensation coordinator, repeatedly and unequivocally testified that they never received any indication from any source prior to August 11, 2000 that plaintiff was alleging that his shoulder condition was work-related. Finally, plaintiff testified at the hearing that he informed his supervisor, Keith Lingle and co-worker, David Bowman of his alleged injury on the same day; however, neither of these purported witnesses provided corroborating testimony of plaintiff's account of events at the hearing; therefore, the Full Commission does not find plaintiff's testimony credible.
11. By the greater weight of the competent testimonial and medical evidence, the Full Commission finds that plaintiff's alleged shoulder injury on July 10, 2000 was not the result of an injury by accident while working for defendants, but was instead part of a long history of recurrent shoulder problems manifesting themselves in a dislocated right shoulder.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has not proven that he sustained an injury by accident on July 10, 2000 and his claim for benefits under the North Carolina Workers Compensation Act must therefore be denied. N.C. GEN. STAT. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Defendants shall pay the costs, including expert witness fees in the amount of $350.00 to Dr. Thomas Ray and $350.00 to Dr. William Pekman if they have not already done so.
This the ___ day of June 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER